D. Greg Durbin, # 81749
J. Scott Dutcher, #244474
McCormick, Barstow, Sheppard,
Wayte & Carruth LLP
P.O. Box 28912
5 River Park Place East
Fresno, CA  93720-1501
Telephone:    (559) 433-1300
Facsimile:    (559) 433-2300

(SPACE BELOW FOR FILING STAMP ONLY)

Michael L. Farley, # 76368
FARLEY LAW FIRM
108 West Center Avenue
Visalia, CA  93291
Telephone:  (559) 738-5975
Facsimile:  (559) 732-2305

Attorneys for Defendant
A/M VALVE COMPANY LLC

UNITED STATES DISTRICT COURT

EASTERN DISTRICT

| | |
|---|---|
| GNI WATERMAN LLC, a Delaware limited liability company,<br><br>    Plaintiff,<br><br>v.<br><br>A/M VALVE COMPANY LLC, a Nevada limited liability company, QINGDAO EVERBRIGHT MACHINERY CO., LTD., a foreign corporation, LUCENT AUTO & CASTING, INC., a corporation of unknown origin, and WILLIAM WANG, an individual,<br><br>    Defendants. | Case No.  1:07-CV-00863 LJO-TAG<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION BY DEFENDANT A/M VALVE COMPANY LLC TO DISMISS COUNTS I THROUGH VI OF THE COMPLAINT; AND IN THE ALTERNATIVE FOR A MORE DEFINITE STATEMENT, PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(6) AND 12(e)**<br><br>Hearing:<br><br>Date:  August 31, 2007<br>Time:  8:30 a.m.<br>Courtroom:  4<br>(The Honorable Lawrence J. O'Neil) |

# TABLE OF CONTENTS

**Page**

I.   INTRODUCTION ...........................................................................1

II.   SUMMARY OF PLAINTIFF GNI'S ALLEGATIONS .........................3

III.   LAW AND DISCUSSION ..............................................................4

  A.   Standards For Motion To Dismiss And For More Definite Statement ..................4

  B.   The Alleged Copying Of A Shape Or Design Of A Product Is Not, Per Se, Unlawful..........................................................................5

  C.   Plaintiff GNI's Unfair Competition – Palming Off Cause of Action (Count I) Fails To State A Claim, As Plaintiff GNI Failed To Allege That Defendant A/M Valve Either Sold Plaintiff GNI's Products Under Defendant A/M Valve's Name Or Sold Its Own Products Under Plaintiff GNI's Name..................................................................................6

  D.   Plaintiff GNI Claims Based Upon Alleged Trade Dress Infringement Fail To State A Claim, As Plaintiff GNI Totally Fails To Allege That The Subject Trade Dress (Its Products' Shape And Design) (1) Is Non-Functional And (2) Has Acquired Secondary Meaning ........................................8

    1.   Non-Functionality ............................................................8

    2.   Secondary Meaning ........................................................10

  E.   Each Of Plaintiff GNI's Three Unfair Competition/Infringement Claims Under The Lanham Act (Counts I, II, And III) Fail As A Matter Of Law Because Plaintiff GNI Failed To Allege A Likelihood Of Confusion With Customers And Potential Customers ..............................................11

  F.   Defendant A/M Valve's Statements Of Its Family Heritage Are True And Clearly Disclose That It Is A Separate Company From And Not Associated With Plaintiff GNI Or Its Predecessor Waterman Industries, And Therefore, Plaintiff GNI's Trademark Infringement Claim (Count III) Fails As A Matter Of Law Fails For This Additional Reason. .....................................12

  G.   Plaintiff GNI's Claim of Unfair Business Practices (Count IV) Claim Fails As A Matter Of Law Because It Is Based On The Same Conduct As The Federal Claims (Counts I, II, And III), And, As Demonstrated Above, Such Conduct Is Not Prohibited Under Federal Law And Therefore The California State Unfair Business Practices Claim Is Preempted. .......................14

  H.   Plaintiff GNI Failed To Plead That Defendant A/M Valve Actually Interfered With Its Personal Property, And Therefore Its Tort Claims For Conversion And Trespass To Chattel Both Fail (Counts V and VI). ..................15

  I.   In The Event Leave To Amend Is Granted, Plaintiff Should Be Required To More Specifically Plead The Alleged Defending Products Of Defendant A/M Valve ..............................................................................16

IV.   CONCLUSION ..........................................................................17

# TABLE OF AUTHORITIES

**Page**

## <u>Cases</u>

*Accuimage Diagnostics Corp. v. Terarecon, Inc.*,
260 F. Supp. 2d 941 (N.D. Cal. 2003) ..........................................................................9, 10

*Balistreri v. Pacifica Police Dept.*,
901 F.2d 696 (9th Cir. 1990) ..........................................................................................4

*Bonito Boats, Inc. Thunder Craft Boats, Inc.*,
489 U.S. 141, 164, 109 S. Ct. 971 (1989) ......................................................................5

*Bosley Med. Inst., Inc. v. Kremer*,
403 F.3d 672 (9th Cir. 2005) ..........................................................................................11

*Branch v. Tunnell*,
14 F.3d 449 (9th Cir. 1994) ............................................................................................5

*Bureerong v. Uvawas*,
922 F. Supp. 1450 (C.D. Cal. 1996)................................................................................5

*Cal. Scents v. Surco Prods.*,
406 F.3d 1102 (9th Cir. 2005) ........................................................................................10

*Clicks Billiards, Inc. v. Sixshooters, Inc.*,
251 F.3d 1252 (9th Cir. 2001) ..............................................................................8, 10, 11

*Compco Corp. v. Day-Brite Lighting, Inc.*
376 U.S. 234, 84 S. Ct. 779 (1964)................................................................................14

*Conley v. Gibson*,
*355 U.S. 41, 45-46 (1957)* ..........................................................................................4, 5

*Dastar Corp. v. Twentieth Century Fox Film Corp.*,
539 U.S. 23 (2003), 123 S. Ct. 2041 ..........................................................................5, 6

*Disc Golf Ass'n v. Champion Discs, Inc.*,
158 F.3d 1002 (9th Cir. 1998) ........................................................................................10

*Fuddruckers, Inc. v. Doc's B.R. Others, Inc.*,
826 F.2d 837 (9th Cir. 1987) ..........................................................................................10

*Galbraith v. County of Santa Clara*,
307 F.3d 1119 (9th Cir. 2002) ........................................................................................5

*Hansen Bev. Co v. Nt'l. Bev. Corp.*,
2007 U.S. App. LEXIS 15516, at 4 (9th Cir. 2007)....................................................8, 11

*Hawken, Ltd. v. Gardendance, Inc.*,
2004 U.S. Dist. LEXIS 22934, at 8 (N.D. Cal. 2004)..................................................8, 10

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
5 RIVER PARK PLACE EAST
FRESNO, CA 93720-1501

## TABLE OF AUTHORITIES
### (continued)

Page

*Herring-Hall-Marvin Safe Co. v. Hall's Safe Co.,*
 208 U.S. 554 (1908), 28 S.Ct. 350 ...................................................................13

*Lamothe v. Atlantic Recording Corp.,*
 847 F.2d 1403 (9th Cir. 1988) ................................................................6, 7

*Libman Co. v. Vining Indus.,*
 69 F.3d 1360, 64 (7th Cir. 1995), *cert. denied*, 517 U.S. 1234 (1996) ......................6

*Meyer v. Rodex Sales & Servs., LLC,*
 2006 U.S. Dist. LEXIS 84451, at 28 (D. Idaho 2006) ....................................11

*Microsoft Corp. v. Ricketts,*
 2007 U.S. Dist. LEXIS 40898, at 5-6 (N.D. Cal. 2007)................................11, 12

*Migdal v. Rowe Price-Fleming Int'l.,*
 248 F.3d 321 (4th Cir. 2001) ......................................................................5

*Munger v. Moore*
 11 Cal. App. 3d 1, 7, 89 Cal.Rptr. 323 (1970)...................................................15

*Nova Wines, Inc. v. Adler Fels Winery LLC,*
 467 F. Supp. 2d 965 (N.D. Cal. 2006) ................................................8, 11

*Pension Benefit Guar. Corp. v. White Consolidated Industries, Inc.,*
 998 F.2d 1192  (3rd Cir. 1993) ....................................................................5

*Sardi's Restaurant Corp. v. Sardie,*
 755 F.2d 719 (9th Cir. 1985) ......................................................................13

*Sears, Roebuck & Co. v. Stiffel Co.,*
 376 U.S. 225, 84 S. Ct. 784 (1964)...........................................................14

*Shaw v. Lindheim,*
 919 F.2d 1353 (9th Cir. 1990) ....................................................................7

*Shaw v. Lindheim,*
 919 F.2d 1353 (9th Cir. 1990) ....................................................................11

*Smith v. Montoro,*
 648 F.2d 602 (9th Cir. 1981 ..........................................................6, 7, 8, 10

*Societe Vinicole De Champagne v. Mumm,*
 143 Cal. 2d 240 (2d Cir. 1944) ...............................................................13

*Taylor v. Forte Hotels International*
 235 Cal. App. 3d 1119, 1124 (1991)..........................................................15

*Taylor Wine Co. v. Bully Hill Vineyards, Inc.,*
 569 F.2d 731 (2d Cir. 1978) ................................................................13, 14

iv

**TABLE OF AUTHORITIES**
(continued)

Page

*Thrifty-Tel, Inc. v. Bezenek*
    46 Cal. App. 4th 1559 (1996) ..................................................................................15

*TrafFix Devices, Inc. v. Mktg. Displays, Inc.*,
    532 U.S. 23, 121 S. Ct. 1255 (2001) ...........................................................................5

*Van Brode Milling Co. v. Cox Air Gauge System, Inc.,*
    279 F.2d 313  (9th Cir. 1960) ..................................................................................10

*Wal-Mart Stores, Inc. v. Samara Brothers, Inc.,*
    529 U.S. 205, 120 S. Ct. 1339 (2000) ........................................................................10

*Zaslow v. Kroenert*
    29 Cal. 2d 541 (1946).............................................................................................15

**Statutes**

California Business & Professions Code Section 17200 *et seq.*................................................14

Federal Rules of Civil Procedure, Rule 12(b)(6) .................................................................1, 4, 5

Federal Rules of Civil Procedure, Rule 12(e) .....................................................................1, 5

**Other Authorities**

15 U.S.C. [§] 1114 .........................................................................................................12

California Civil Jury Instructions No. 2100 (2007) ...............................................................15

California Civil Jury Instructions No. 2101 (2007) ...............................................................15

Lanham Act ...........................................................................................1, 7, 11, 14, 16

Lanham Act, Section 43(a)................................................................................................6, 7, 9

1   Defendant A/M VALVE COMPANY LLC ("Defendant A/M Valve") hereby submits the

2   following Memorandum of Points and Authorities in Support of its Motion to Dismiss Counts I

3   Through VI of Plaintiff GNI WATERMAN LLC's ("Plaintiff GNI") Complaint; and in the

4   Alternative for a More Definite Statement, pursuant to Federal Rules of Civil Procedure, Rule

5   12(b)(6) and 12(e):

6   **I.**
    **INTRODUCTION**

7

8   The founders of Defendant A/M Valve are members of the Waterman family with their

9   roots in the irrigation canal gate business dating back to 1912, when William A. Waterman

10  founded the W.A. Waterman Company and began producing irrigation water control products.

11  Later, the company was incorporated as Waterman Industries, Inc. in 1951 and, by 2001, had

12  passed through several generations of the Waterman family to David Appling, Ken Appling, and

13  Randy Mullins.

14  After the Applings and Mr. Mullins were forced out of the company while it was in

15  bankruptcy, Mr. Mullins and David Appling's wife, Cheryl Appling, formed Defendant A/M

16  Valve.  Subsequently, in 2006, Galena National Investment purchased assets from the bankruptcy

17  estate and incorporated them as Plaintiff GNI.  As such, Plaintiff GNI claims to be the successor-

18  in-interest to the W.A. Waterman Company and Waterman Industries, Inc.

19  Plaintiff GNI commenced this action on June 18, 2007, against Defendant A/M Valve and

20  others, asserting claims under the Lanham Act stylized as unfair competition – palming off

21  (Count I), unfair competition – trade dress infringement (Count II), and trademark infringement

22  (Count III), as well as claims styled as violation of California Business & Professions Code

23  Section 17200 (Count IV), and for common law conversion and trespass to chattel (Counts V and

24  VI).  Defendant A/M Valve is not named in Count VII against Defendant Qingdao Everbright

25  Machinery Co. LTD, for breach of contract.

26  Plaintiff GNI makes no assertion that it holds any patent rights or copyrights for the

27  products that are the subject of this action, nor does it make any claim that the founders of

28  Defendant A/M Valve are subject to any non-competition agreements or obligations, or that they

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
5 RIVER PARK PLACE EAST
FRESNO, CA 93720-1501

1   misappropriated any trade secret.  Moreover, Plaintiff does not claim that any cease and desist

2   letter was sent to Defendant A/M Valve prior to the commencement of the action.  Rather,

3   Plaintiff GNI presents this Court with its complaint that contains glaring omissions and numerous

4   generalities, revealing the absence of merit to each of its claims.

5          Accordingly, Defendant A/M Valve brings this motion to dismiss each of the claims

6   against it for the following reasons:

7          1.      Plaintiff GNI's unfair competition – palming off cause of action fails to state a

8   claim because Plaintiff GNI failed to allege that Defendant A/M Valve either sold Plaintiff GNI's

9   products under Defendant A/M Valve's name or sold its own products under Plaintiff GNI's

10  name.

11         2.      Plaintiff GNI's unfair competition – palming off and unfair competition - trade

12  dress infringement causes of action each fails to state a claim, as Plaintiff GNI completely failed

13  to allege that the subject trade dress (1) is non-functional (i.e., the products' shape and design is

14  non-functional) and (2) has acquired secondary meaning (i.e., the products' shape and design is

15  uniquely associated with Waterman among customers and potential customers for the products).

16         3.      Each of Plaintiff GNI's three unfair competition/infringement claims under the

17  Lanham Act (i.e., palming off, trade dress infringement, and trademark infringement) fails as a

18  matter of law because Plaintiff GNI failed to allege a likelihood of confusion by customers and

19  potential customers as to the source of the product(s) in question.

20         4.      Defendant A/M Valve's statements concerning its family heritage are true and

21  clearly disclose that it is a separate company from and not associated with Plaintiff GNI or its

22  predecessor Waterman Industries, and therefore, Plaintiff GNI's trademark infringement claim

23  fails for this additional reason.

24         5.      Because the conduct about which Plaintiff complains is permissible under Federal

25  law, Plaintiff's state unfair business practices/competition claim is preempted and therefore fails.

26         6.      Finally, Plaintiff GNI failed to plead that Defendant A/M Valve actually interfered

27  with specific personal property of Plaintiff GNI, and therefore its tort claims for conversion and

28  trespass to chattel both fail.

2

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
5 RIVER PARK PLACE EAST
FRESNO, CA 93720-1501

Memorandum of Points and Authorities in Support of Motion by Defendant A/M Vale Company LLC to
Dismiss Counts I Through VI of the Complaint; and in the Alternative for a More Definite Statement

1    For the foregoing reasons, Counts I, II, III, IV, V, and VI in the Complaint against

2    Defendant A/M Valve, and each of them, should be dismissed.

3    Moreover, and in the alternative, this Court should require a more definite statement by

4    Plaintiff GNI of:

5    A.    The specific products of Defendant A/M Valve that Plaintiff GNI alleged

6    are the offending products.

7    B.    Any specific use of the "Waterman" trademark that is the basis of the

8    trademark infringement claim, other than in the "heritage" portion of Defendant A/M Valve's

9    website.

10   Absent a more definite statement on each of these points, Defendant is not reasonably able

11   to frame a responsive pleading.

12
**II.**
**SUMMARY OF PLAINTIFF GNI'S ALLEGATIONS**
13

14   Plaintiff GNI alleges that "the 'Waterman' name is protected by a federally-registered

15   trademark when used in connection with irrigation valves, water control gates, and similar

16   products." It further asserts that "the shape and design of the Waterman product line has become

17   recognized in the industry as symbols uniquely associated with Waterman," including "the

18   Waterman C-10 canal gate, which consists of a semi-circular 'hubcap' design [and] represents a

19   distinctive appearance unique to Waterman in the industry." Plaintiff GNI then includes a color

20   photograph of this red C-10 canal gate, which clearly bears the "Waterman" name on its face.

21   (Complaint ¶¶ 9, 23.)

22   While Waterman Industries was in bankruptcy, Randy Mullins and David Appling's wife,

23   Cheryl Appling, formed Defendant A/M Valve formed Defendant A/M Valve. Plaintiff GNI

24   alleges that Defendant A/M Valve "misappropriate[ed]" its "forms, patterns, and designs" in

25   order to produce "exact copies" of Plaintiff GNI's products that are "indistinguishable" and

26   "interchangeable." Plaintiff GNI then includes a color photograph of Defendant A/M Valve's

27   green AMC-10 canal gate, which clearly bears the "A∘M Valve" name in large type on its face.

28   Essentially, Plaintiff GNI alleges that its red C-10 canal gate and Defendant A/M Valve green

3

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
5 RIVER PARK PLACE EAST
FRESNO, CA 93720-1501

Memorandum of Points and Authorities in Support of Motion by Defendant A/M Vale Company LLC to
Dismiss Counts I Through VI of the Complaint; and in the Alternative for a More Definite Statement

1  AMC-10 canal gate "are really one in the same.  (Complaint ¶¶ 10-13, 18.)

2          Thereafter, Plaintiff GNI asserts that Defendant A/M Valve and its founders contacted

3  Defendants QINGDAO EVERBRIGHT MACHINERY CO., LTD. (a Chinese corporation who

4  had previously manufactured the "Waterman" products and was in possession of its molds),

5  LUCENT AUTO & CASTING, INC., and WILLIAM WANG, to ask Defendant QINGDAO

6  EVERBRIGHT MACHINERY CO., LTD "to copy Waterman's products using Waterman's

7  molds."  Plaintiff claims, Defendant A/M Valve is selling/"palming off" its infringing and

8  counterfeit products through the same channels as [Plaintiff GNI] and attempting to

9  misappropriate [Plaintiff GNI's] customer base.  Plaintiff GNI further alleges that through these

10  acts, Defendant A/M Valve also "misappropriated [Plaintiff GNI's] trade dress and falsely

11  represented the origin of the A/M Valve design."  (Complaint ¶¶ 14-15, 18, 23.)

12          Additionally, Plaintiff GNI asserts that Defendant A/M Valve uses its "Waterman

13  heritage" to attract customers" and that "[t]hrough its website and other channels A/M Valve has

14  used [Plaintiff GNI's] federally-registered 'Waterman' trademark to promote its products and

15  services."  This use is purportedly "likely to cause public confusion, mistake or deception."

16  (Complaint ¶¶ 10, 27.)

17          Finally, Plaintiff GNI alleges that it "held a valid ownership right to the proprietary forms,

18  designs and patterns used to manufacture [its] products" and that "[b]y misappropriating [Plaintiff

19  GNI's] forms, designs and patterns without [Plaintiff GNI's] consent, [Defendant] A/M Valve . . .

20  wrongfully interfered with [Plaintiff GNI's] valid ownership rights."  (Complaint ¶¶ 34, 35.)

21
                                            **III.**
22                              **LAW AND DISCUSSION**

23  **A.     Standards For Motion To Dismiss And For More Definite Statement.**

24          In a Rule 12(b)(6) motion under the Federal Rules of Civil Procedure ("FRCP"), the court

25  must decide whether the facts alleged, if true, would entitle the plaintiff to some form of legal

26  remedy.  (*See Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).)  A motion to

27  dismiss for failure to state a claim is properly granted where there is either a "lack of a cognizable

28  legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory."  (*Id.*)

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
5 RIVER PARK PLACE EAST
FRESNO, CA 93720-1501

4

Memorandum of Points and Authorities in Support of Motion by Defendant A/M Vale Company LLC to
Dismiss Counts I Through VI of the Complaint; and in the Alternative for a More Definite Statement

1   Further, if plaintiffs refer to particular documents in their complaint, a defendant may

2   attach copies of these documents to a Rule 12(b)(6) motion to show that the documents do not

3   support the plaintiffs' claim(s).   (*See Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994),

4   *overruled on other grounds in Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1127 (9th Cir.

5   2002).)   This prevents "a plaintiff with a legally deficient claim [from surviving] a motion to

6   dismiss simply by failing to attach a dispositive document on which it relied." (*Pension Benefit*

7   *Guar. Corp. v. White Consolidated Industries, Inc.*, 998 F.2d 1192, 1196 (3rd Cir. 1993).)

8   While plaintiffs need not prove their claim in their complaint, "they must state a claim

9   therein," which "requires more than the mere recitation of boilerplate statutory language."

10   (*Migdal v. Rowe Price-Fleming Int'l.*, 248 F.3d 321, 328 (4th Cir. 2001).)   Before a plaintiff

11   should be permitted to proceed to discovery, he or she "must have some factual basis for

12   believing that a legal violation has actually occurred." (*Id.*)

13   FRCP, Rule 12(e) provides that "[i]f a pleading to which a responsive pleading is

14   permitted is so vague or ambiguous that a party cannot reasonably be required to frame a

15   responsive pleading, the party may move for a more definite statement before interposing a

16   responsive pleading.   The motion shall point out the defects complained of and the details

17   desired." Further, a motion for more definite statement attacks unintelligibility in a pleading, not

18   simply mere lack of detail.   Thus, such a motion may be granted where the complaint is not

19   specific enough to apprise defendant of the substance of the claim(s) being asserted. (*Bureerong*

20   *v. Uvawas*, 922 F. Supp. 1450, 1461 (C.D. Cal. 1996).)

21   **B.   The Alleged Copying Of A Shape Or Design Of A Product Is Not, Per Se,**
     **Unlawful.**

22

23   The United States Supreme Court has made clear that copying a competitor's non-

24   patented and non-copyrighted product is not, in and of itself, illegal. (*Dastar Corp. v. Twentieth*

25   *Century Fox Film Corp.*, 539 U.S. 23, 33 (2003), 123 S. Ct. 2041; *TrafFix Devices, Inc. v. Mktg.*

26   *Displays, Inc.*, 532 U.S. 23, 29, 121 S. Ct. 1255 (2001) ["In general, unless an intellectual

27   property right such as a patent or copyright protects an item, it will be subject to copying."];

28   *Bonito Boats, Inc. Thunder Craft Boats, Inc.*, 489 U.S. 141, 164, 109 S. Ct. 971 (1989) ["Where

5

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
5 RIVER PARK PLACE EAST
FRESNO, CA 93720-1501

Memorandum of Points and Authorities in Support of Motion by Defendant A/M Vale Company LLC to
Dismiss Counts I Through VI of the Complaint; and in the Alternative for a More Definite Statement

1   an item in general circulation is unprotected by patent, '[r]eproduction of a functional attribute is

2   legitimate competitive activity.'"]; *see also Libman Co. v. Vining Indus.,* 69 F.3d 1360, 1363, 64

3   (7th Cir. 1995), cert. denied, 517 U.S. 1234 (1996) [copying a competitor's contrasting color

4   broom bristle bands that does not create confusion is permitted competition].)

5        As the Supreme Court recognized in 2003 in *Dastar Corp.*, "reading § 43(a) of the

6   Lanham Act as creating a cause of action for, in effect, plagiarism [or copying]—the use of

7   otherwise unprotected works and inventions without attribution—would be hard to reconcile with

8   our previous decisions." (*Dastar Corp.*, *supra*, 539 U.S. at 36.)

9        Because, as noted above, Plaintiff GNI does not assert any patent or copyright rights in

10  this matter, any alleged copying of its products is not, per se, unlawful.

11       **C.    Plaintiff GNI's Unfair Competition – Palming Off Cause of Action (Count I)
            Fails To State A Claim, As Plaintiff GNI Failed To Allege That Defendant**
12          **A/M Valve Either Sold Plaintiff GNI's Products Under Defendant A/M
            Valve's Name Or Sold Its Own Products Under Plaintiff GNI's Name.**
13

14       Under Ninth Circuit law, "palming off" or "passing off" claims fall into two categories:

15  "palming off" and "reverse palming off."  Although it is unclear which of the two theories

16  Plaintiff GNI is pursuing, a brief analysis of both theories leads to the same conclusion—Plaintiff

17  GNI's "palming off" cause of action should be dismissed, as it simply failed to plead the essential

18  requirements under each theory.

19       First, "passing/palming off" is defined "as the practice of selling one person's product or

20  service under the name or mark of another. . . . Express passing off occurs when a business labels

21  its goods or services with a mark identical to that of another enterprise, or otherwise expressly

22  misrepresents the origin of the goods or services.  [Citation]  Implied passing off involves the use

23  of a competitor's advertising material, or a sample or photograph of the competitor's product, to

24  impliedly represent that the product being sold is made by the competitor.  (*Lamothe v. Atlantic

25  Recording Corp.*, 847 F.2d 1403, 1406 (9th Cir. 1988) [*citing Smith v. Montoro*, 648 F.2d 602,

26  604 (9th Cir. 1981) Although Plaintiff GNI alleges that Defendant A/M Valve caused canal gates

27  to be manufactured that are copies of its canal gates and that Defendant A/M Valve's canal gates

28  are "interchangeable" and "indistinguishable" from Plaintiff GNI's products (Complaint ¶ 18),

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
5 River Park Place East
Fresno, CA 93720-1501

6

Memorandum of Points and Authorities in Support of Motion by Defendant A/M Vale Company LLC to
Dismiss Counts I Through VI of the Complaint; and in the Alternative for a More Definite Statement

1  this, even if true, would not constitute "palming off" unless Defendant A/M Valve were selling

2  the products under Plaintiff GNI's name.  (*See* Section III.B, *supra*.)  Here, however, Plaintiff's

3  Complaint concedes that this is not the case, as it includes photographs of Defendant A/M

4  Valve's products clearly demonstrate that the "A/M Valve" brand is prominently displayed on the

5  product and the "Waterman" name that appears on Plaintiff GNI's products.  (Complaint ¶¶ 12-

6  13.)  Thus, clearly no traditional "passing off" is alleged.

7        The second category of "passing/palming off" is referred to as "reverse passing off."  In

8  *Shaw*, the plaintiff contended that "the 'false designation of origin' language [of the Lanham Act]

9  . . . include[s] instances in which a defendant has copied a product and committed 'reverse

10  passing off' by selling it under his own label."  (*Shaw v. Lindheim*, 919 F.2d 1353, 1364 (9th Cir.

11  1990.)  The Ninth Circuit, however, rejected "expand[ing] the scope of § 43(a) [of the Lanham

12  Act] to cover [the] situation."  (*Id.*)  *Smith* and *Lamothe* "have implicitly limited the 'reverse

13  passing off' doctrine to situations of bodily appropriation."  (*Shaw*, *supra*, 919 F.2d at 1364

14  [*citing Smith*, 648 F.2d at 605; *Lamothe*, *supra*, 847 F.2d at 1406].)  In fact, "*Smith* defined

15  'reverse passing off' as removing or obliterating the original trademark without authorization

16  before reselling *goods produced by someone else*.  (*Id.* [emphasis added].)  This is "accomplished

17  'expressly' when the wrongdoer removes the name or trademark on another party's product and

18  sells *that product* under a name chosen by the wrongdoer.  'Implied' reverse passing off occurs

19  when the wrongdoer simply removes or otherwise obliterates the name of the manufacturer or

20  source and sells the product in an unbranded state."  (*Id.* [emphasis in original].)  Neither *Smith*

21  nor *Lamothe* "indicated that § 43(a) [of the Lanham Act] is applicable where the products at issue

22  are merely substantially similar."  (*Id.*)

23        Here, Plaintiff GNI alleges that Defendant A/M Valve "creat[ed] products that are

24  indistinguishable from Waterman." (Complaint ¶ 18).  No where in Plaintiff GNI's Complaint,

25  however, does it allege or even imply that Defendant A/M Valve is selling products under its own

26  name that were actually manufactured by or for Plaintiff GNI.  Thus, Plaintiff GNI's "reverse

27  passing off" claim, too, fails.  Simply copying a competitor's functional design in manufacturing

28  one's own goods does not provide grounds for the competitor to assert a "passing/palming off"

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
5 RIVER PARK PLACE EAST
FRESNO, CA 93720-1501

1    claim.  (*See* Section III.B, *supra*.)

2        Moreover, as explained in the next section, Plaintiff also fails to alleges non-functionality

3    and a likelihood of confusion, and for these independent and additional reasons, the palming off

4    claim also fails.

5        Accordingly, Plaintiff GNI's Unfair Competition – Palming Off Cause of Action (Count I

6    of the Complaint) should be dismissed, as it fails to plead the necessary elements of a

7    "palming/passing off" claim.

8        **D.    Plaintiff GNI Claims Based Upon Alleged Trade Dress Infringement Fail To**
          **State A Claim, As Plaintiff GNI Totally Fails To Allege That The Subject**
9        **Trade Dress (Its Products' Shape And Design) (1) Is Non-Functional And (2)**
          **Has Acquired Secondary Meaning.**

10

11        "To state a claim for trade dress infringement, plaintiff must allege: (1) that its claimed

12    trade dress is inherently distinctive or has acquired secondary meaning; (2) that its claimed trade

13    dress is nonfunctional; and (3) that defendant's product, creates a likelihood of consumer

14    confusion." (*Nova Wines, Inc. v. Adler Fels Winery LLC*, 467 F. Supp. 2d 965, 975 (N.D. Cal.

15    2006); *Clicks Billiards, Inc. v. Sixshooters, Inc.*, 251 F.3d 1252, 1258 (9th Cir. 2001); *see also*

16    *Hansen Bev. Co v. Nt'l. Bev. Corp.*, 2007 U.S. App. LEXIS 15516, at 4 (9th Cir. 2007) [stating

17    that a protectable trade dress must be both nonfunctional and distinctive].)

18        Although Plaintiff GNI again alleges that Defendant A/M Valve essentially manufactured

19    copies of Plaintiff GNI's products (Complaint ¶ 23), even if true, this does not constitute trade-

20    dress infringement.  As explained in more detail below, Plaintiff GNI utterly failed to allege or

21    even mention that its products' shape and design is non-functional, and further failed to satisfy

22    the requirement of secondary meaning—that the subject trade dress was uniquely associated with

23    a single source among customers and potential customers for the subject products.

24        1.    **Non-Functionality.**

25        In *Smith & Hawken, Ltd. v. Gardendance, Inc.*, 2004 U.S. Dist. LEXIS 22934, at 8 (N.D.

26    Cal. 2004), the court considered the defendants/counterclaimants' trade dress infringement claim

27    to be "wholly deficient."  "Defendants merely assert that the [product] has secondary meaning

28    and that Plaintiff's copying of [their product] 'causes confusion to consumers and retailers and

8

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
5 RIVER PARK PLACE EAST
FRESNO, CA 93720-1501

Memorandum of Points and Authorities in Support of Motion by Defendant A/M Vale Company LLC to
Dismiss Counts I Through VI of the Complaint; and in the Alternative for a More Definite Statement

1  constitutes a violation of Section 43(a) of the Lanham Act.'" (*Id.*)  However, "Defendants fail to

2  allege or plead nonfunctionality.  Defendants offer no explanation as to the nature, scope or

3  elements making up its allegedly protectable 'trade dress.'  The counterclaim does not even

4  describe the [product].  Given this, there are no facts in Defendants' counterclaim that would

5  allow the Court to determine whether the [products in question] are distinctive, whether they are

6  nonfunctional or whether there exists a likelihood of confusion." (*Id.*)  "Because Defendants

7  have failed to provide anything but conclusory allegations to support [this] counterclaim," the

8  court granted Plaintiff's motion to dismiss." (*Id.* at 8-9.)

9       Similarly, in *Accuimage Diagnostics Corp. v. Terarecon, Inc.*, 260 F. Supp. 2d 941, 949

10  (N.D. Cal. 2003), the plaintiff alleged the following as part of its trade dress infringement claim:

11  "1) its AccuScore program 'produces a calcium scoring and diagnostic report that is proprietary,

12  unique and distinctive in the medical imaging applications industry'; 2) that the 'look and feel of

13  the reports generated by AccuScore are non-functional'; and 3) that [the defendant's] report

14  copied the 'overall 'look and feel' of the AccuScore report such that the report generated by [the

15  defendant's] Aquarius workstation is virtually indistinguishable from the AccuScore report,'

16  which 'has caused or is likely to cause customer confusion.'" (*Id.*)  Nevertheless, the court stated

17  that "[d]espite these allegations, the complaint does not sufficiently put [the defendant] on notice

18  of the trade dress claim alleged.  As it stands now, the complaint does little more than mimic the

19  language of the statute.  To state a claim for trade dress infringement, plaintiff must plead with

20  specificity how the AccuScore reports are unique and inherently distinctive.  Plaintiff also has not

21  plead sufficient facts for the court to determine whether the alleged trade dress is nonfunctional."

22  (*Id.* [emphasis added].)  Thus, the court dismissed the plaintiff's trade dress claim, stating that

23  "plaintiff must provide more detail about the layout and appearance of the report to give the court

24  sufficient information to determine whether plaintiff's report is eligible for trade dress

25  protection." (*Id.* at 949-50.)

26       Here, Plaintiff GNI made absolutely no effort to allege non-functionality of the shape and

27  design that is the subject of its alleged trade dress.  Allegation of the non-functionality element is

28  even more patently absent in this matter than it was in *Accuimage*, where that plaintiff at least

9

1    "mimicked" the non-functionality language.  Accordingly, just as the courts in *Accumiage* and

2    *Smith & Hawken* dismissed their plaintiffs' claims of trade-dress infringement due to a failure to

3    allege non-functionality, this Court, too, must dismiss Plaintiff GNI's trade dress claim (Count II)

4    for the same reason, and to the extent trade dress is the basis of Count I for palming off, also

5    dismiss Count I.

6                           2.    **Secondary Meaning.**

7        If a product is not inherently distinctive, the trade dress claimant must show that it

8    "acquired distinctiveness through secondary meaning."  (*Cal. Scents v. Surco Prods.*, 406 F.3d

9    1102, 1109 (9th Cir. 2005), *citing Disc Golf Ass'n v. Champion Discs, Inc.*, 158 F.3d 1002, 1005

10   (9th Cir. 1998).)  Since product design can never be classified as "inherently distinctive," its

11   distinctiveness requires proof of secondary meaning.  (*Wal-Mart Stores, Inc. v. Samara Brothers,*

12   *Inc.*, 529 U.S. 205, 212-23, 120 S. Ct. 1339 (2000).)  Secondary meaning is shown when the

13   subject trade dress is uniquely associated with a single source among customers and potential

14   customers for the subject products.  (*Clicks Billiards, Inc.*, *supra*, 251 F.3d at 1262, *quoting*

15   *Fuddruckers, Inc. v. Doc's B.R. Others, Inc.*, 826 F.2d 837, 843 (9th Cir. 1987).)

16       Plaintiff GNI does not once mention "secondary meaning" in its Complaint.  Rather,

17   Plaintiff GNI alleges that "the shape and design of the Waterman product line has become

18   recognized in the industry as symbols uniquely associated with Waterman" and the "semi-circular

19   'hubcap design', represents a distinctive appearance unique to Waterman in the industry."

20   (Complaint ¶¶ 9, 23.)

21       A claim of association in the "industry" (which is not defined in the Complaint), however,

22   is not an association in the minds of customers and potential customers.  Instead, it is this

23   association by customers and potential customers that is at the heart of secondary meaning and

24   patently missing from Plaintiff GNI's Complaint.  (*Van Brode Milling Co. v. Cox Air Gauge*

25   *System, Inc.,* 279 F.2d 313, 319 (9th Cir. 1960) ["There is nothing in the record to indicate that

26   [the products] have become associated, in the minds of either prospective customers or suppliers

27   with the plaintiff's product, or that either have acquired a secondary meaning which identifies

28   their source and sponsorship with the plaintiff.  So the case is lacking absolutely in the essentials

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
5 RIVER PARK PLACE EAST
FRESNO, CA 93720-1501

10

Memorandum of Points and Authorities in Support of Motion by Defendant A/M Vale Company LLC to
Dismiss Counts I Through VI of the Complaint; and in the Alternative for a More Definite Statement

1  which go to constitute unfair competition."]; *Clicks Billiards, Inc.*, *supra*, 251 F.3d at 1262 ["The

2  trade dress of a product or service attains secondary meaning when *the purchasing public*

3  associates the dress with a particular source."] [emphasis added].)  Here, Plaintiff GNI alleges no

4  such association by customers or potential customers.

5      Accordingly, because Plaintiff GNI fails to allege secondary meaning in its Complaint,

6  this Court should dismiss Plaintiff GNI's trade dress claim (Count II), and to the extent trade

7  dress is the basis of Count I for palming off, also dismiss Count I.

8      **E.    Each Of Plaintiff GNI's Three Unfair Competition/Infringement Claims
           Under The Lanham Act (Counts I, II, And III) Fail As A Matter Of Law
9          Because Plaintiff GNI Failed To Allege A Likelihood Of Confusion With
           Customers And Potential Customers.**

10

11     "[T]he Lanham Act seeks to prevent consumer confusion that enables a seller to pass off

12 his goods as the goods of another . . . .  Trademark infringement protects only against mistaken

13 *purchasing decisions* and not against confusion generally." (*Bosley Med. Inst., Inc. v. Kremer*,

14 403 F.3d 672, 677 (9th Cir. 2005).)  Thus, a claim for infringement under the Lanham Act,

15 whether for palming off, trade dress infringement, or trademark infringement, requires a plaintiff

16 to plead and prove that the defendant's use creates a likelihood of confusion with customers and

17 potential customers as to the source of the products in question.  (*Id.* [trademark infringement];

18 *Microsoft Corp. v. Ricketts*, 2007 U.S. Dist. LEXIS 40898, at 5-6 (N.D. Cal. 2007) [trademark

19 infringement]; *Hansen Beverage Co.*, *supra*, 2007 U.S. App. LEXIS 15516, at 4 (9th Cir. 2007)

20 [trade dress infringement]; *Clicks Billiards, Inc.*, *supra*, 251 F.3d at 1265-66 [trade dress

21 infringement]; *Nova Wines, Inc.*, *supra*, 467 F. Supp. 2d 965, 975 (N.D. Cal. 2006) [trade dress

22 infringement]; *Shaw v. Lindheim*, 919 F.2d 1353, 1364 (9th Cir. 1990) [palming off]; *Meyer v.*

23 *Rodex Sales & Servs., LLC*, 2006 U.S. Dist. LEXIS 84451, at 28 (D. Idaho 2006) [palming off].)

24     Here, Plaintiff GNI admits (1) that its products bear the "Waterman" brand name in large

25 type, while Defendant A/M Valve's products bear the "A◦M Valve" name in large type, and (2)

26 that the Plaintiff GNI's "Waterman" products and Defendant A/M Valve's products are different

27 colors (i.e., red versus green).  (Complaint ¶¶ 9 [picture of Waterman product with "Waterman"

28 word on product in large letters and red paint color], 11 [A/M Valve has a green paint color], 12

11

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
5 RIVER PARK PLACE EAST
FRESNO, CA 93720-1501

Memorandum of Points and Authorities in Support of Motion by Defendant A/M Vale Company LLC to
Dismiss Counts I Through VI of the Complaint; and in the Alternative for a More Definite Statement

1   [picture of A/M product with "A∘M Valve" name prominently displayed on product in large

2   letters and with green paint color], and 13 [side-by-side with different brands and paint colors on

3   each].)  Perhaps these obvious differences are why Plaintiff GNI fails to allege any likelihood of

4   confusion among its customers and potential customers.

5          Rather, Plaintiff GNI alleges, in its first two counts, various elements of a violation of

6   Section 43(a), without referring to any confusion or likelihood of confusion among customers,

7   and then generally alleges Defendant A/M Valve violated the Act.  (Complaint ¶¶ 17, 18, 22, 23.)

8   In its third Count for trademark infringement, Plaintiff GNI fairs no better.  Here again, Plaintiff

9   GNI falls short of mentioning, let alone actually alleging, any likelihood of confusion among

10   customers and potential customers and instead claims "public confusion" only. (Complaint ¶ 27.)

11   There is no assertion that Plaintiff GNI's customers and potential customers are this "public."

12   Further, the simple fact that the products in question are by their very nature not consumer goods

13   sold to the general public, negates any implication that any general "public confusion" is

14   tantamount to confusion among Plaintiff GNI's customers and potential customers.

15          Consequently, because Plaintiff fails to allege a likelihood of confusion by its customers

16   and potential customers as to the source of the product(s) in question, each of its first three counts

17   for palming off, trade dress infringement, and trademark infringement therefore fails and should

18   be dismissed.

19       **F.**    **Defendant A/M Valve's Statements Of Its Family Heritage Are True And**

20              **Clearly Disclose That It Is A Separate Company From And Not Associated With Plaintiff GNI Or Its Predecessor Waterman Industries, And Therefore,**

21              **Plaintiff GNI's Trademark Infringement Claim (Count III) Fails As A Matter Of Law Fails For This Additional Reason.**

22          As discussed above in Section III.E, *supra*, to prove trademark infringement under 15

23   U.S.C. [§] 1114, Plaintiff GNI must show, among other things, that Defendant A/M Valve's use

24   of Plaintiff GNI's registered trademark is likely to cause confusion, mistake or to deceive

25   consumers. (*Microsoft Corp. v. Ricketts*, 2007 U.S. Dist. LEXIS 40898, at 5-6 (N.D. Cal. 2007).)

26          Under Count III, the wrongful use of Plaintiff GNI's registered "Waterman" trademark

27   that Plaintiff GNI alleges is simply that Defendant A/M Valve uses its "Waterman heritage" to

28   attract customers" and that "[t]hrough its website and other channels A/M Valve has used

1  [Plaintiff GNI's] federally-registered 'Waterman' trademark to promote its products and

2  services." (Complaint ¶¶ 10, 27.)

3       "[A]lthough the use of one's surname is not a 'defense' to a trademark infringement

4  action, courts generally allow the use of one's own name if reasonable precautions are taken" to

5  prevent deception.  (*Sardi's Restaurant Corp. v. Sardie*, 755 F.2d 719, 725 (9th Cir. 1985).

6       In *Herring-Hall-Marvin Safe Co. v. Hall's Safe Co.*, 208 U.S. 554, 557 (1908), 28 S.Ct.

7  350, the plaintiff, a safe manufacturer, purchased a safe company that made "Hall's Safes" and

8  later sued to enjoin defendants from using the trade name.  The defendants constituted some of

9  seller's children who left the company and opened up their own safe manufacturing business.

10 (*Id.*)  Justice Holmes offered the Supreme Court's opinion, stating that "[a]n absolute prohibition

11 against using the [Hall surname] would carry trade-marks too far.  Therefore the rights of the two

12 parties have been reconciled by allowing the use, provided that an explanation is attached." (*Id.*

13 at 559.)  Thus, the defendants' new business was enjoined from using "the name Hall, either

14 alone or in combination, in corporate name, on safes, or in advertisements, **unless** accompanied

15 by information that the defendant is not the original Hall's Safe and Lock Company or its

16 successor, or, as the case may be, that the article is not the product of the last named company or

17 its successors.  With such explanations the defendants may use the Hall's name, and if it likes

18 may show that they are sons of the first Hall and brought up in their business by him, and

19 otherwise may state the facts." (*Id.* at 560 [emphasis added].)

20       In 1978, the Seventh Circuit Court of Appeals noted that if "the second comer owns the

21 company himself and evinces a genuine interest in establishing an enterprise in which his own

22 skill or knowledge can be made known to the public, that argues in favor of allowing him to use

23 his own name in some restricted fashion." (*Taylor Wine Co. v. Bully Hill Vineyards, Inc.*, 569

24 F.2d 731, 735 (2d Cir. 1978).)  In support of this proposition, the court referred to the Second

25 Circuit Court of Appeals in *Societe Vinicole De Champagne v. Mumm*, 143 F.2d 240, 241 (2d Cir.

26 1944), stating that "to prohibit an individual from using his true family surname is to 'take away

27 his identity: without it he cannot make known who he is to those who may wish to deal with him;

28 and that is so grievous an injury that courts will avoid imposing it, if they possibly can.'" (*Taylor*

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
5 RIVER PARK PLACE EAST
FRESNO, CA 93720-1501

Memorandum of Points and Authorities in Support of Motion by Defendant A/M Vale Company LLC to
Dismiss Counts I Through VI of the Complaint; and in the Alternative for a More Definite Statement

1   *Wine Co.*, *supra*, 569 F.2d at 735).)  "When confusion is likely, however, there must obviously be

2   some limitation on an individual's unrestricted use of his own name [or family surname].  Thus, a

3   second comer may not use any name, mark or advertisement indicating that he is the successor of

4   another corporation or that his goods are the products of that corporation."  (*Id.*)

5        As is evident from the above, even if one's family name is a trademark registered to

6   another, use of this family name in conjunction with one's business does not constitute trademark

7   infringement, unless one fails to take precautions or make explanations to prevent deception.

8   Here, Plaintiff GNI totally fails to allege (1) that Defendant A/M Valve's use of its owners'

9   family heritage would be confusing or (2) that Defendant A/M Valve failed to clearly explain that

10  is a different company than Plaintiff GNI.[1]  Accordingly, Plaintiff GNI's trademark infringement

11  claim therefore fails and should be dismissed for this additional reason.

12       **G.    Plaintiff GNI's Claim of Unfair Business Practices (Count IV) Claim Fails As
            A Matter Of Law Because It Is Based On The Same Conduct As The Federal**
13          **Claims (Counts I, II, And III), And, As Demonstrated Above, Such Conduct
            Is Not Prohibited Under Federal Law And Therefore The California State**
14          **Unfair Business Practices Claim Is Preempted.**

15       Plaintiff GNI incorporates its first three federal Lanham Act claims and asserts that "as

16  described herein" Defendant A/M Valve's acts constitute "unfair, unlawful and/or illegal business

17  practices" under California Business & Professions Code Section 17200 *et seq.*  (Complaint ¶¶ 30-

18  32.)  As explained in Sections III.B-F, *supra*, Plaintiff GNI's claims under the Lanham Act all fail

19  as a matter of law (i.e., Counts I, II, and III), as Plaintiff failed to plead and allege all of the

20  required elements to support each claim.  Because federal patent and copyright policy forbid states

21  from imposing unfair competition liability for copying product shapes which federal law leaves in

22  the public domain (*Sears, Roebuck & Co. v. Stiffel Co.*, 376 U.S. 225, 231, 84 S. Ct. 784 (1964);

23  *Compco Corp. v. Day-Brite Lighting, Inc.* 376 U.S. 234, 237, 84 S. Ct. 779 (1964), Plaintiff GNI's

24  state unfair competition/business practices claim (Count IV) should similarly be dismissed.

25

26  [1] Indeed, even a quick review of the "heritage" page of Defendant A/M Valves' website
    demonstrates that Defendant A/M Valve is unmistakably a different company than Waterman.
27  GNI. (*See* Exhibit "A", attached to the Declaration of Randall Mullins.)  The page from the
    website relating to "interchangeability of parts also makes that same point that Waterman is a
28  competitor. (Mullins Dec. Ex. "B".)

14

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
5 RIVER PARK PLACE EAST
FRESNO, CA 93720-1501

**H.     Plaintiff GNI Failed To Plead That Defendant A/M Valve Actually Interfered With Its Personal Property, And Therefore Its Tort Claims For Conversion And Trespass To Chattel Both Fail (Counts V and VI).**

"[I]t is generally acknowledged that conversion is a tort that may be committed only with relation to personal property . . . ." (*Munger v. Moore* (1970) 11 Cal. App. 3d 1, 7, 89 Cal.Rptr. 323; *see also Taylor v. Forte Hotels International* (1991) 235 Cal. App. 3d 1119, 1124 [Conversion is the wrongful exercise of dominion over the personal property of another."]; California Civil Jury Instructions No. 2100 (2007).)

Similarly, trespass to chattels also requires an interference with another's personal property. (*See Thrifty-Tel, Inc. v. Bezenek* (1996) 46 Cal. App. 4th 1559, 1566-67; *Zaslow v. Kroenert* (1946) 29 Cal. 2d 541, 551; California Civil Jury Instructions No. 2101 (2007).)

Plaintiff GNI alleges in Count V, styled as conversion, that "Waterman held a valid ownership right to the proprietary forms, designs and patterns used to manufacture Waterman's products" and that "[b]y misappropriating Waterman's forms, designs and patterns without Waterman's consent, [Defendant] A/M Valve . . . wrongfully interfered with Waterman's valid ownership rights." (Complaint ¶¶ 34, 35.)  Plaintiff GNI makes the same allegations verbatim in support of Count VI, styled as trespass to chattel.  (Complaint ¶¶ 38-40.)

In each of Plaintiff GNI's causes of action for conversion and for trespass to chattel, however, Plaintiff fails to plead all of the required elements to support either claim. Glaringly missing from Plaintiff GNI's allegations in both counts is any claim that Defendant A/M Valve interfered with any of Plaintiff GNI's *personal property*.   Here, Plaintiff GNI's alleged "ownership right to the proprietary forms, designs and patterns" is simply not tangible, personal property.   Thus, Plaintiff GNI is wrongfully attempting to assert common law claims for conversion and trespass to chattel in relation to an alleged misappropriation of intangible "ownership rights" property.   Accordingly, because Plaintiff GNI patently fails to state a claim for either conversion or trespass to chattel, Counts V and VI for the same should be dismissed.

**I.     In The Event Leave To Amend Is Granted, Plaintiff Should Be Required To More Specifically Plead The Alleged Defending Products Of Defendant A/M Valve.**

For the reasons set forth above, the Complaint and each of the Counts against Defendant

15

McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP
5 RIVER PARK PLACE EAST
FRESNO, CA 93720-1501

Memorandum of Points and Authorities in Support of Motion by Defendant A/M Vale Company LLC to Dismiss Counts I Through VI of the Complaint; and in the Alternative for a More Definite Statement

1   A/M Valve should be dismissed.  However, in the event leave to amend is granted, or the motion

2   to dismiss is not granted in its entirety, then Defendant A/M Valve requests this Court to direct

3   Plaintiff GNI to provide a more definite statement relating to key aspects of its Complaint that, at

4   present, are so vague and ambiguous that Defendant A/M Valve cannot reasonably frame a

5   responsive pleading.  Pursuant to FRCP, Rule 12(e), the Complaint's deficiencies and the details

6   desired are discussed in turn below.

7        First, central to any claim for trademark or trade dress infringement is identifying all the

8   products or services of the defendant that one alleges to be the offending goods or services.

9   Without this minimal level of identification, a defendant can in no way reasonably and fully

10  respond, as it will not know which are the products or services at issue.  Although Plaintiff GNI

11  frequently suggests in its Complaint that of Defendant A/M Valve "products" infringe on Plaintiff

12  GNI's rights under the Lanham Act, Plaintiff GNI identifies only a single 24-inch canal gate

13  (model AMC-10) of Defendant A/M Valve as such goods.  (Complaint ¶ 12.)  Therefore, it is

14  uncertain what other products, if any, Plaintiff GNI asserts are also infringing.

15       For example, Plaintiff GNI refers in Count I to "products that are 'interchangeable' with

16  Waterman products," without defining what products are being referenced.  (Complaint ¶ 18.)

17  Similarly, in Count II, Plaintiff GNI simply refers to "creating copies of Waterman's products."

18  (Complaint ¶ 23.)  Yet Plaintiff GNI is also consistently vague about its own products to which it

19  refers.  For instance, in paragraph 9 of the Complaint, Plaintiff GNI talks about "the irrigation

20  valve and water control industry" and "the shape and design of the Waterman product line . . . ."

21  (Complaint ¶ 9.)  Finally, in Count III, Plaintiff GNI simply refers to Defendant A/M Valve's

22  "products and services."

23       Central to any claim for unfair competition is an understanding of what goods and

24  services of the defendant are the allegedly offending goods or services.  Literally, the entire legal

25  framework and analysis of the case stems from this central point.  Accordingly, Defendant GNI

26  should be required to plead specifically each and every product and, if applicable, service of

27  Defendant A/M Valve that is the subject of each of its claims.

28       Second, in addition to referring to Defendant A/M Valve's website, Plaintiff GNI claims

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP

5 RIVER PARK PLACE EAST
FRESNO, CA 93720-1501

16

Memorandum of Points and Authorities in Support of Motion by Defendant A/M Vale Company LLC to
Dismiss Counts I Through VI of the Complaint; and in the Alternative for a More Definite Statement

1   that Defendant A/M Valve has used Plaintiff GNI's "Waterman" trademark in "other channels."

2   (Complaint ¶ 27.)   However, these "other channels" are left purposely vague and undefined.

3   Because it is clear that Defendant A/M Valve's products themselves do not display the

4   "Waterman" brand on them, but rather display the "A/M Valve" brand, Defendant A/M Valve

5   cannot ascertain what "other channels" Plaintiff GNI refers to.   As such, Plaintiff GNI should

6   therefore be required to state specifically any alleged use by Defendant A/M Valve of the

7   "Waterman trademark" other than on the heritage page of Defendant A/M Valve's website.

8                                              **IV.**
                                          **CONCLUSION**
9

10          For the reasons set forth above, Defendant A/M Valve respectfully requests this Court to

11  dismiss Counts I through VI in the Complaint, and each of them, and in the event leave to amend

12  is granted, require Plaintiff to provide a more definite statement of the alleged infringing products

13  of Defendant A/M Valve.

14

15  Dated: July 30, 2007                          McCORMICK, BARSTOW, SHEPPARD,
                                                        WAYTE & CARRUTH LLP
16

17
                                              By:_____/s/ D. Greg Durbin_____
18                                                         D. Greg Durbin
                                                           J. Scott Dutcher
19                                                      Attorneys for Defendant
                                                     A/M VALVE COMPANY LLC
20

21  07385/00000-1118056.v1

22

23

24

25

26

27

28

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
5 RIVER PARK PLACE EAST
FRESNO, CA 93720-1501

17

Memorandum of Points and Authorities in Support of Motion by Defendant A/M Vale Company LLC to
Dismiss Counts I Through VI of the Complaint; and in the Alternative for a More Definite Statement