Stuart A. Shanus (State Bar No. 188046)
Michael A. Garabed (State Bar No. 223511)
REED SMITH LLP
Telephone: 310.734.5200
Facsimile: 310.734.5299

Attorneys for Plaintiff GNI Waterman LLC

D. Greg Durbin (State Bar No. 81749)
J. Scott Dutcher (State Bar No. 244474)
McCORMICK BARSTOW SHEPPARD WAYTE & CARRUTH LLP
Telephone: 559.433.1300
Facsimile: 559.433.2300

Attorneys for Defendants A/M Valve Company LLC, David Appling, and Randy Mullins

Adam K. Derman (admitted *pro hac vice*)
WOLFF & SAMSON PC
Telephone: 973.325.1500
Facsimile: 973.530.2227

Attorneys for Defendants Lucent Auto & Casting, Inc. and William Wang

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GNI WATERMAN LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>A/M VALVE COMPANY LLC, a Nevada limited liability company, QINGDAO EVERBRIGHT MACHINERY CO., LTD., a foreign corporation, LUCENT AUTO & CASTING, INC., a corporation of unknown origin, WILLIAM WANG, an individual, DAVID APPLING, an individual, KEN APPLING, an individual, and RANDY MULLINS, an individual,<br><br>Defendants. | No. 07-CV-00863 LJO-GSA<br><br>**STIPULATED PROTECTIVE ORDER** |

STIPULATED PROTECTIVE ORDER

PDF created with pdfFactory trial version www.pdffactory.com

Pursuant to the approval of the Court, this Protective Order shall govern the production and disclosure of confidential documents, testimony and information in this action.

## I.   GOOD CAUSE STATEMENT

As set forth in detail in the pleadings on file in this action, Plaintiff alleges that the Defendants misappropriated Plaintiff's proprietary forms and patterns, computer software, and engineered design drawings.  In connection with discovery in this action, the parties and certain third-party witnesses may produce documents, information (including electronically stored information), and materials that contain confidential information.  Absent a protective order, production of certain documents and information may cause prejudice or harm if made publicly available.

## II.   PURPOSE OF THE PROTECTIVE ORDER

The purpose of this Protective Order is to provide a means for limiting access to, and the use and disclosure of, Protected Documents and Information that are produced in this action.  Any unauthorized disclosure of Protected Documents and Information in violation of this Protective Order shall be subject to discipline by the contempt powers of this Court.

## III.   DEFINITION OF PROTECTED DOCUMENTS AND INFORMATION

"Protected Documents and Information" includes all documents, testimony, information or things that (1) have been or are provided, served, or produced by any party or non-party in this action; and (2) have been designated as

- 1 -

STIPULATED PROTECTIVE ORDER

PDF created with pdfFactory trial version www.pdffactory.com

"Confidential" or "Confidential Attorney's Eyes Only." Protected Documents and Information may include, without limitation, documents and electronically stored information produced by any party or non-party, written declarations, written discovery responses, testimony given or produced in this action by any party or non-party, correspondence, pleadings, exhibits, expert witness disclosures, and the information contained therein.

## IV. DESIGNATION OF PROTECTED DOCUMENTS AND INFORMATION

Any party or non-party who produces Protected Documents and Information in this action may designate such Protected Documents and Information as "Confidential" or "Confidential Attorney's Eyes Only" in accordance with the provisions of this Protective Order if they believe in good faith that the information so designated is of such character that its disclosure to unauthorized persons could reasonably result in harm.

### A. Criteria For Classification

1. "Confidential": A party or non-party may designate Protected Documents and Information as "Confidential" if the party or non-party making such designation reasonably believes that the Protected Documents and Information contain or disclose proprietary or other confidential information.

2. "Confidential Attorney's Eyes Only": A party or non-party may designate Protected Documents and Information as "Confidential Attorney's Eyes Only" if (1) the party or non-party making such designation reasonably believes

- 2 -

STIPULATED PROTECTIVE ORDER

PDF created with pdfFactory trial version www.pdffactory.com

that such Protected Documents and Information satisfy the criteria for designating such Protected Documents and Information as "Confidential," and (2) the disclosure of such Protected Documents and Information might reasonably pose a commercial disadvantage to the designating party with regard to the development of current and/or future products of the party or non-party (including but not limited to sensitive research and development materials, financial data, sales information, cost information, and strategic plans).

**B.     Time Of Designation**

Unless otherwise agreed between counsel for the parties, the designation of Protected Documents and Information shall be made at the following times:

1.     For documents or things at the time of the production of the documents or things;

2.     For declarations, correspondence, expert witness reports, written discovery responses, court filings, pleadings, and other documents, at the time of the service or filing, whichever occurs first;

3.     For testimony, at the time such testimony is given by a statement designating the testimony as "Confidential" or "Confidential Attorney's Eyes Only" made on the record or within 20 days after receipt of the transcript of the deposition as set forth herein.

PDF created with pdfFactory trial version www.pdffactory.com

**C.     Manner Of Designation**

The designation of Protected Documents and Information shall be made in the following manner:

1.     For documents, placing the notation "Confidential" or "Confidential Attorney's Eyes Only" or similar legend on each page of such document;

2.     For tangible things (including media containing electronically stored information), by placing the notation "Confidential" or "Confidential Attorney's Eyes Only" on the object or container thereof or if impracticable, as otherwise agreed by the parties;

3.     For declarations, correspondence, expert witness reports, written discovery responses, court filings, pleadings, and any other documents containing Protected Documents and Information, by placing the notation "Confidential" or "Confidential Attorney's Eyes Only" both on the face of such document and on any particular designated pages of such document; and

4.     For testimony, by orally designating such testimony as being "Confidential" or "Confidential Attorney's Eyes Only" at the time the testimony is given.  Alternatively, if a question asked at a pretrial deposition calls for an answer containing "Confidential" or "Confidential Attorney's Eyes Only" information, or if the answer contains "Confidential" or "Confidential Attorney's Eyes Only" information, counsel for the party seeking confidential treatment of that information shall within 20 days after receipt of the transcript of the deposition notify all other counsel on the record or in writing that the information provided in such answer or

PDF created with pdfFactory trial version www.pdffactory.com

question is considered Protected Documents and Information and designate the specific portions or the entirety of the transcript of such deposition which shall thereafter be subject to the provisions of this Order.  Prior to 20 days after receipt of the transcript of the deposition, all information shall be considered and treated as "Confidential Attorney's Eyes Only."  Thereafter, the original and all copies of the "Confidential" or "Confidential Attorney's Eyes Only" portions of the transcript of any such testimony shall be separately bound and marked by the Court Reporter with an appropriate legend and shall be disclosed only in accordance with the provisions of this Protective Order.

### D.     Resolution Of Disputes Regarding Designation

The acceptance by a party of Protected Documents and Information shall not constitute an admission or concession or permit an inference that such "Confidential" or "Confidential Attorney's Eyes Only" designation is appropriate. However, the Protected Documents and Information will be treated as designated unless the receiving party follows the procedures to remove, change or otherwise declassify the designation as set forth herein.

If a receiving party at any time wishes to have the "Confidential" or "Confidential Attorney's Eyes Only" designation of any particular Protected Documents and Information removed or changed, that party shall first request in writing that the designating party or non-party remove its designation and state the reason(s) therefore.  Within ten (10) business days of the receipt of such request, counsel for the party seeking confidential treatment shall respond in writing to any such notification by either (1) withdrawing such designation, or (2) stating that it refuses to do so and the reason(s) for its refusal.  If the party or non-party

PDF created with pdfFactory trial version www.pdffactory.com

designating the Protected Documents and Information refuses to agree to remove or change the designation, then the party challenging the designation may move the Court in accordance with the Local Rules for an order removing or challenging the designation; provided, however, that the designating party shall have the burden of proving that such particular Protected Documents and Information are properly designated as "Confidential" or "Confidential Attorney's Eyes Only." If such motion is made, the parties shall treat the Protected Documents and Information as originally designated until the motion is decided by the Court.

### E. **Inadvertent Disclosure**

Protected Documents and Information not designated as "Confidential" or "Confidential Attorney's Eyes Only" and produced through mistake or inadvertence shall nevertheless be deemed "Confidential" or "Confidential Attorney's Eyes Only" upon notice of such mistake or inadvertent production. Moreover, where a producing party has inadvertently produced a document which the producing party later claims should not have been produced because of privilege (including but not limited to attorney-client and attorney work product privileges), the producing party may request the return of any such document by making a written request within 20 days of discovering that it was inadvertently produced. A request for the return of any document shall identify the document by Bates number and the basis for asserting the document (or portions thereof) is privileged and the date of discovery of the inadvertent production. If a producing party requests the return of any such document from another party, the party to whom the request is made shall within 10 days return to the requesting party all copies of the document within its possession, custody, or control (including but not limited to all copies in possession of any experts or consultants)

PDF created with pdfFactory trial version www.pdffactory.com

or shall contest the claim of privilege or inadvertent production.  In the event the receiving party contests the claim of privilege or inadvertent production, the producing party may file and serve a motion or other application acceptable by the Court within 10 days after receiving the receiving parties' statement contesting the producing party's claim of privilege or inadvertent disclosure to obtain a judicial determination that the Protected Documents and Information is privileged.  Unless and until such a judicial determination is made, the alleged Protected Documents and Information shall be afforded privileged status.

## V.     PERSONS TO WHOM PROTECTED DOCUMENTS AND INFORMATION MAY BE DISCLOSED

### A.     Disclosure Of Protected Documents And Information Designated As "Confidential"

Protected Documents and Information designated by a party as "Confidential" may be disclosed and copies may be provided by the receiving party only to:

1.     The receiving party's outside counsel of record and such counsel's support staff, legal assistants and clerical personnel;

2.     The Parties and their representatives or employees whose assistance is required by counsel for the purposes of this litigation;

3.     Any non-party support services including, but not limited to, outside copying services, document imaging and database services, graphics and design

- 7 -

STIPULATED PROTECTIVE ORDER

PDF created with pdfFactory trial version www.pdffactory.com

1  services, jury and trial consulting services (including mock jurors), and any other
2  non-expert related support personnel whose services are reasonably necessary to
3  assist outside counsel of record in connection with this action;

5      4.    Expert witnesses or consultants retained by the receiving party or its
6  respective attorneys in connection with this action, who have complied with
7  Paragraph V(C), below; and

9      5.    The Court, its clerks and employees, and any court reporter retained to
10 record proceedings before the Court in which event such information shall be filed
11 under seal.

13 **B.**     **Disclosure Of Protected Documents And Information Designated**
14     **As "Confidential Attorney's Eyes Only"**

16 Protected Documents and Information designated as "Confidential
17 Attorney's Eyes Only" may be disclosed and copies may be provided by the
18 receiving party only to:

20     1.    The receiving party's outside counsel of record and such counsel's
21 support staff, legal assistants and clerical personnel, as long as they are not officers,
22 directors or employees of the parties or of any of the subsidiaries, parents, or
23 affiliates of the parties;

25     2.    Any non-party support services including, but not limited to, outside
26 copying services, document imaging and database services, graphics and design
27 services, jury and trial consulting services (including mock jurors), and any other

PDF created with pdfFactory trial version www.pdffactory.com

non-expert related support personnel whose services are reasonably necessary to assist outside counsel of record in connection with this action, provided they are not officers, directors or employees of the parties or of any of the subsidiaries, parents, or affiliates of the parties;

3. Expert witnesses or consultants retained by the receiving party or its respective attorneys in connection with this action who have complied with Paragraph V(C) and who are not officers, directors or employees of the parties or of any of the subsidiaries, parents, or affiliates of any party; and

4. The Court, its clerks and employees, and any court reporter retained to record proceedings before the Court in which event such information shall be filed under seal.

**C.     Certificate Required By Party Or Person Receiving Protected Documents And Information**

Parties and their representatives and others who are entitled to receive Protected Documents and Information (except clerical staff and support staff and employees of the Court), prior to accepting receipt thereof, shall be furnished with a copy of this Protective Order and shall agree to be bound thereby by executing a Certificate containing the following statement:

> "I certify that I have read and agree to be bound by the Protective Order entered in the above-entitled action. I understand that unauthorized disclosure of any Protected Documents and Information designated as "Confidential" or "Confidential Attorney's Eyes Only,"

PDF created with pdfFactory trial version www.pdffactory.com

including any excerpts or summaries thereof, may constitute contempt of Court and may be punishable by a combination of sanctions and civil damage liability. I hereby consent to the personal jurisdiction of the United States District Court, Eastern District of California, for any proceedings involving the enforcement or violation of the Protective Order entered in the above-entitled action.

Executed this ___ day of _____, 20__ at_____.

Signature: _____

Print Name: _____

**D.    Additional Authorized Disclosure Of Protected Documents and Information**

Notwithstanding any other provisions of this Protective Order, particular Protected Documents and Information may be disclosed and copies may be provided:

1.    To persons who can be shown from the face of the document to have authored, prepared, or received the document;

2.    To any other persons with the prior written consent of the party or non-party that designated such particular Protected Documents and Information; and

3.    To any other persons with the prior authorization of the Court.

PDF created with pdfFactory trial version www.pdffactory.com

## E.   Disclosure To Expert Witnesses Or Consultants

1.     At least ten (10) business days prior to making a disclosure of "Confidential Attorney's Eyes Only" information to an expert witness or consultant, the person or party making such disclosure shall, by electronic mail or facsimile transmission, (i) disclose to the party that produced the Protected Documents and Information the identity of the expert witness or consultant and (ii) provide the party that produced the Protected Documents and Information with a copy of the Certificate signed by the expert witness or consultant certifying that the recipient has read and understands the terms of this Protective Order and agrees to be bound by its terms.

2.     Any party may object to a disclosure of "Confidential Attorney's Eyes Only" information to an expert witness or consultant within five (5) business days after service of the information and Certificate set forth in Paragraph V(C), by stating specifically in writing the reasons why the party believes such person should not receive Protected Documents and Information.  In the event of such an objection, no disclosure of Protected Documents and Information shall be made to such persons for a period of ten (10) business days following the date the objection is received in order to permit the parties to meet and confer and allow the objecting party to move by noticed motion for an order that disclosure not be made to such expert or consultant or that the disclosure be made only upon certain conditions. The moving party shall have the burden of establishing that good cause exists for such an order, and shall seek to have the matter heard at the earliest available date upon noticed motion.  If such a motion is made, there shall be no disclosure to such expert or consultant until the Court has ruled upon the motion, and then only in accordance with the ruling so made.

PDF created with pdfFactory trial version www.pdffactory.com

3.	Unless an expert witness or consultant is designated as a witness pursuant to Federal Rule of Civil Procedure 26(a)(2), no counsel or party shall contact or make any attempt to contact any of the undesignated expert witnesses or consultants identified by any of the other parties pursuant to Paragraph V(E) herein. In addition, no counsel or party shall make any reference during discovery or at trial to the identity of any expert witness or consultant not designated pursuant to Federal Rule of Civil Procedure 26(a)(2), including any reference to the fact that the undesignated expert witness or consultant has not been retained to testify at trial.

## VI.  USE OF PROTECTED DOCUMENTS AND INFORMATION

### A.  Use Of Designated Protected Documents and Information

1.	Protected Documents and Information designated as "Confidential" or "Confidential Attorney's Eyes Only," including all information derived therefrom, and all copies, summaries, abstracts, excerpts, and descriptions of such material, shall be held in confidence by the receiving party, shall be used only by persons permitted access to it under this Protective Order, shall not be disclosed by the receiving party to any party or person not entitled under the terms of this Protective Order to have access to such material, and shall not be used for any purpose other than in connection with this action.

2.	Protected Documents and Information designated "Confidential" or "Confidential Attorney's Eyes Only" subject to this Protective Order shall not be filed under seal without prior approval by the Court in accordance with the Local Rules.

PDF created with pdfFactory trial version www.pdffactory.com

3. Protected Documents and Information marked, labeled, or otherwise designated "Confidential" or "Confidential Attorney's Eyes Only" as described in this Protective Order may be used in testimony at trial, offered into evidence at trial and/or at hearings on motions, used to support or oppose any motion to this action, and used to prepare for and conduct discovery subject to the restrictions in this Protective Order. Use at trial and/or at hearings on motions of such Protected Documents and Information shall be governed by this Protective Order. Such Protected Documents and Information shall remain confidential at trial and/or at hearings on motions, and during any appeals of this action, and may not be used for any purpose or in any manner other than as permitted by this Protective Order or further order of the Court.

4. In the event a party wishes to use any Protected Documents and Information of the other party or non-party in any affidavits, briefs, memoranda of law, or other papers filed in Court in this litigation, such paper containing Protected Documents and Information shall be enclosed and filed pursuant to the requirements of the Local Rules in a sealed envelope or container identifying the enclosed document and bearing the caption of this case and a notice substantially as follows:

**CONFIDENTIAL - (OR CONFIDENTIAL ATTORNEY'S EYES ONLY) - SUBJECT TO PROTECTIVE ORDER**

This envelope or container holds Confidential (or Confidential Attorney's Eyes Only) information filed under seal pursuant to a protective order and is not to be opened except by direction of the Court.

- 13 -

STIPULATED PROTECTIVE ORDER

PDF created with pdfFactory trial version www.pdffactory.com

5. The parties shall provide each other with a list of the other party's Protected Documents and Information that the party intends to use at trial, or in connection with any appeal of this action, at such time as the list of exhibits is ordered by the Court to be exchanged among the parties, except those documents to be used solely for impeachment purposes.  The parties shall then meet and confer regarding the procedures for use of such identified Protected Documents and Information at trial and shall move the Court for entry of an appropriate order if required.

6. Nothing in this Protective Order shall affect the admissibility into evidence of Protected Documents and Information, or abridge the rights of any person to seek judicial review or to pursue other appropriate judicial action with respect to any ruling made by the Court concerning the issue of the status of Protected Documents and Information.  This Protective Order is without prejudice to any party seeking an Order from this Court imposing further restrictions on the dissemination of Protected Documents and Information, or seeking to rescind, modify, alter, or amend this Protective Order with respect to specific information. Nothing in this Protective Order shall prevent any designating party from using or disclosing its own Protected Documents and Information as it deems appropriate.

## VII.  RETURN OF DOCUMENTS OR INFORMATION

No later than ninety (90) days after conclusion of this litigation,[1] counsel for each receiving party or other individual subject to this Protective Order shall be under an obligation to destroy or return to the designating party any

---

[1] As used herein, "conclusion of this litigation" is defined as the date on which this matter is settled by way of an enforceable agreement or on which all appeals and rights to appeal have been exhausted, whichever is earlier.

- 14 -

STIPULATED PROTECTIVE ORDER

PDF created with pdfFactory trial version www.pdffactory.com

Protected Documents and Information subject to this Protective Order that is in his or her possession, custody or control, including all copies thereof.  Notice of the destruction or return of any such Protected Documents and Information shall be made in writing, and notice of receipt thereof shall be acknowledged in writing. Notwithstanding the foregoing provisions of this Paragraph, counsel shall be entitled to retain all litigation documents containing Protected Documents and Information which become part of the record of this action, including pleadings, briefs, and exhibits, but such litigation documents shall be used only for the purpose of preserving a record of the action, and shall not, without the written permission of the designating party or an order of the Court, be disclosed to anyone not permitted to receive such information pursuant to this Protective Order.

## VIII. SURVIVAL

All obligations and duties arising under this Protective Order shall survive the termination of this action.  The Court retains jurisdiction over the parties hereto and all signatories of a Certificate regarding confidentiality with respect to any dispute regarding the improper use of Protected Documents and Information disclosed pursuant to this Protective Order.

## IX. VIOLATION OF PROTECTIVE ORDER

Any violation of this Protective Order may constitute a contempt of Court, and be punishable as such, and may subject the offending party or non-party to such additional and further remedies as may be available to the aggrieved party or non-party.

- 15 -

STIPULATED PROTECTIVE ORDER

PDF created with pdfFactory trial version www.pdffactory.com

## X. AMENDMENT OF PROTECTIVE ORDER

This Protective Order may be amended by the written stipulation of the parties or by the Court upon a showing of good cause.

DATED: December 6, 2007.            Reed Smith LLP


                                    By  /s/ Stuart A. Shanus
                                        Stuart A. Shanus
                                        Michael A. Garabed
                                        Attorneys for Plaintiff
                                        GNI Waterman LLC

DATED: December 6, 2007.            McCormick Barstow Sheppard Wayte
                                    & Carruth LLP


                                    By  /s/ D. Greg Durbin
                                        D. Greg Durbin
                                        J. Scott Dutcher
                                        Attorneys for Defendants
                                        A/M Valve Company LLC, David
                                        Appling and Randy Mullins

DATED: December 6, 2007.            Wolff & Samson PC


                                    By  /s/ Adam K. Derman
                                        Adam K. Derman
                                        Attorneys for Defendants
                                        Lucent Auto & Casting, Inc. and
                                        William Wang

In addition to the foregoing, the parties are directed to comply with Local Rule 39-141 regarding the sealing of documents.

**IT IS SO ORDERED.**

Dated: December 18, 2007            /s/ Gary S. Austin
                                    Honorable Gary S. Austin
                                    United States Magistrate Judge

- 16 -

STIPULATED PROTECTIVE ORDER

PDF created with pdfFactory trial version www.pdffactory.com